# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JOEL LASSITER, | ) | Case No. 4:25-cv-1683 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| STATE OF OHIO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Joel Lassiter, an inmate at the Northeast Ohio Correctional Center in Youngstown, Ohio, filed a *pro se* complaint in this case against the State of Ohio, labeled as a "Rule 8 [action] for Deliberate Indifference."  (ECF No. 1.)

## BACKGROUND

Plaintiff's Ccmplaint, though unclear, pertains to medical care he received at NEOCC.  He contends that "the State" has "completely disregarded" his "disability" of irritable or inflammatory bowel syndrome.  (*Id*., PageID #3.)  He alleges that, as a result of the failure of the prison's contracting physician to provide him adequate treatment and pain medication for his "IBS disability," he has "endur[ed] severe pain" and was made "prone" to and suffered an infection after a tooth extraction (for which he also contends he has been given inadequate pain medication).  (*Id*., PageID #3–4.) He contends that, as a person with the "qualifying medical condition" of IBS, he is entitled under Ohio law to use medical marijuana as pain medication.  (*Id.* , PageID #7 (citing Ohio Rev. Code § 3796.01(A)(6)(k)).)

Also, he complains that he has been denied necessary medical services in connection with the provision of eyeglasses.  (*Id*., PageID #6.)  But he provides no further explanation of this claim.

Contending that the State is liable under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213, and the Rehabilitation Act, 29 U.S.C. § 794, (ECF No. 1, PageID #1), he seeks damages for "pain relating to having been denied services necessary for eyeglasses" and for "the severe ongoing denial of regard for his pain" with respect to his IBS, as well as injunctive relief "allow[ing him] access to the only medication Ohio explicitly guarantees" for treating his "disability" of IBS, *i.e.* medical marijuana.  (PageID #8–9.)

In addition to a motion for leave to proceed *in forma pauperis* (ECF No. 5), he also filed a motion for a temporary restraining order, apparently requesting the Court to require "Ohio officials" to provide him the pain medication he seeks.  (ECF No. 4.) The Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and, for the reasons that follow, **DISMISSES** this lawsuit.

## GOVERNING LEGAL STANDARD

*Pro se* pleadings are liberally construed.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d

2

194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard.  *Id.*  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Upon review, the Court finds that Plaintiff's complaint, even liberally construed, fails to allege to a plausible claim upon which he may be granted relief

and warrants dismissal under Section 1915(e)(2)(B).  On its face, Plaintiff's complaint alleges claims only under the ADA and the Rehabilitation Act.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  The Rehabilitation Act prohibits excluding a disabled person from a program that receives federal financial assistance solely by reason of his or her disability:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794.  Accordingly, "[t]he ADA and Rehabilitation Act afford disabled persons legal rights regarding access to programs and activities enjoyed by all, but do not provide them with a general federal cause of action for challenging the medical treatment of their underlying disabilities."  *Galvin v. Cook*, No. CV 00–29–ST, 2000 WL 1520231, at *6 (D. Ore. Oct. 3, 2000).

Here, Plaintiff has not stated a claim under the ADA or the Rehabilitation Act because he does not allege that he has been denied the benefits of any services, programs, or activities provided for other non-disabled inmates or that he has been subjected to discrimination "solely by reason" of his IBS disability.  Instead, he claims that he has been denied adequate pain medication and medical care for his IBS (and apparently other conditions) by the prison's contracting physicians.  Such claims

4

"concern[ing] the medical treatment provided to [P]laintiff . . . clearly are not the types of claims that the ADA and the Rehabilitation Act were intended to cover" and warrant dismissal.  *See id*. at *7 (rejecting a diabetic inmate's ADA claim); *see also Carrion v. Wilkinson*, 309 F. Supp. 2d 1007, 1016 (N.D. Ohio 2004) (dismissing ADA and Rehabilitation Act claims brought be prisoner claiming that prison officials failed to provide him with proper insulin dependent diabetic meals).

If anything, Plaintiff's complaint concerns his Eighth Amendment right against cruel and unusual punishment with respect to his medical care.  But even if liberally construed as alleging an Eighth Amendment claim for inadequate medical care under 42 U.S.C. § 1983, his complaint still fails to state a claim.  The only named Defendant Plaintiff specifically names in his complaint—the State of Ohio—is not a "person" subject to suit for constitutional violations under Section 1983, and the State of Ohio is immune from suit in federal court under the Eleventh Amendment. *Patterson v. Ohio*, No. 1:19 cv 1524, 2019 WL 5190995, at *2 (N.D. Ohio Oct. 15, 2019). Accordingly, Plaintiff's complaint fails to state an Eighth Amendment claim under Section 1983.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 5), **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and **DENIES AS MOOT** Plaintiff's motion for a temporary restraining order (ECF No. 4).  Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated:  October 31, 2025

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio